IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rodney C. Bates, # 132951, ) | |
| ) | Civil Action No. 6:15-4263-BHH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Cpl. William Lacasse; Sgt. Arif ) Chaudhary; and Lt. Walt Kramer, ) | |
| Defendants. ) | |

   The plaintiff is a detainee at the Greenville County Detention Center in Greenville, South Carolina. The defendants are employed at the Greenville County Detention Center. In the complaint, the plaintiff alleges that the food served with the label "kosher" is not really kosher (doc. 1 at 3–4). In his prayer for relief, the plaintiff seeks $314.15 a day from August 13, 2015, until his release from the Greenville County Detention Center, or to be "supplied with 100% kosher meals, whichever comes first" (*id*. at 5). The plaintiff also seeks $942.45 per day from each defendant and requests that the Greenville County Detention Center "be brought up to Kosher standards" (*id*.).

   Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A prison's or jail's failure to accommodate religious beliefs of inmates may be the subject of an action for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc through 2000cc-5, which was held by the Court of Appeals to be constitutional in *Madison v. Riter*, 355 F.3d 310 (4th Cir. 2003); *see also Couch v. Jabe*, 679 F.3d 197, 203–04 (4th Cir. 2012). Both the Supreme Court and the Court of Appeals, however, have limited damages available pursuant to RLUIPA. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."). Actions for damages are not allowed under RLUIPA against government officials in their individual capacities. *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (rejecting a claim that the spending clause permitted a RLUIPA claim for individual capacity damages: "Hence, Rendelman cannot rely on RLUIPA's spending clause basis to pursue his claim for individual capacity damages."). Hence, the plaintiff cannot obtain damages with respect to the serving of food that is, allegedly, not really kosher.

The above-captioned case concerns what is ultimately a religious dispute as to what constitutes "kosher" food. The plaintiff's religious claims are not cognizable in a United States District Court because the Establishment Clause of the First Amendment prohibits federal courts from getting involved in religious disputes. As a court of limited jurisdiction, the United States District Court for the District of South Carolina has no jurisdiction over disputes concerning ecclesiastical law, rabbinical law, Canon Law, Islamic law, or religious disputes. *See Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S.

696, 721 (1976) ("We will not delve into the various church constitutional provisions relevant to this conclusion, for that would repeat the error of the Illinois Supreme Court."); and *Hosanna–Tabor Evangelical Lutheran Church and School v. EEOC*, 132 S.Ct. 694, 708–10 (2012). As a result, a district court's exercise of jurisdiction over religious matters would violate the Establishment Clause. *See EEOC v. Roman Catholic Diocese of Raleigh, North Carolina*, 213 F.3d 795, 800–05 (4th Cir. 2000) (applying ministerial exception to Title VII).

Although its decisions are not binding in the Fourth Judicial Circuit, the United States Court of Appeals for the Second Circuit has held that governmental entities are prohibited by the Establishment Clause from deciding what foods are kosher or are not kosher. *See Commack Self-Service Kosher Meats, Inc v. Weiss*, 294 F.3d 415, 432 (2nd Cir. 2002) (invalidating State of New York's kosher food fraud law under Establishment Clause: "Even assuming the challenged laws were enacted for a valid secular purpose, they violate the Establishment Clause by fostering excessive State entanglement with religion and by producing a primary effect that both advances and inhibits religion.");[*] *see also Coleman v. Monson*, 5:10-0535-MBS-PJG, 2010 WL 4038790, at *2 (D.S.C. Mar. 30, 2010) (citing *Commack*), *adopted by* 2010 WL 4038606 (D.S.C. Oct. 14, 2010).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

October 20, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

---

[*] The State of New York has enacted subsequent statutes on labels relating to kosher foods. *See Commack Self-Service Meats, Inc. v. Hooker*, 680 F.3d 194, 201–07 (2nd Cir. 2012) (upholding Kosher Law Protection Act of 2004).

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).